1  WILLIAM R. TAMAYO, SBN 084965 (CA)
   JONATHAN T. PECK, SBN 12303 (VA)
2  EVANGELINA F. HERNANDEZ SBN 168879 (CA)
   U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
3  San Francisco District Office
   350 The Embarcadero, Suite 500
4  San Francisco, CA 94105
   Telephone No.: (415) 625-5622
5  Facsimile: (415) 625-5657
   Evangelina.Hernandez@eeoc.gov
6
   *Attorneys for Plaintiff EEOC*
7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10
11 U.S. EQUAL EMPLOYMENT OPPORTUNITY      Case No.: CV 12 4386 PSG
   COMMISSION,
12
                    Plaintiff,             **COMPLAINT**
13        vs.
                                           Civil Rights - Employment Discrimination
14 THE GOOD FORK f/k/a FUZIA GROUP, INC.
   d/b/a FUZIA,                            **DEMAND FOR JURY TRIAL**
15
                    Defendant.
16

17                       **NATURE OF THE ACTION**

18        This action is brought pursuant to Title VII of the Civil Rights Act of 1964 and Title VI of

19 the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation,

20 and to provide appropriate relief to Charging Party Regina Venegas a former employee of The Good

21 Fork f/k/a Fuzia Group, Inc. d/b/a Fuzia, who was adversely affected by such practices. Plaintiff

22 United States Equal Employment Opportunity Commission alleges that Defendant discriminated

23 against Charging Party Venegas by terminating her employment in retaliation for complaining about

24 sexual harassment.

25                       **JURISDICTION AND VENUE**

26    1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343,

27 and 1345. This action is authorized and instituted pursuant to §§ 706(f)(1) and (3) of Title VII of the

28 Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) (Title VII) and §102 of

COMPLAINT FOR DISCRIMINATION         1         Equal Employment Opportunity Commission
                                                 350 The Embarcadero, Suite 350
                                                 San Francisco, CA 94105

the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the State of California, Santa Clara County, and City of Morgan Hill, which are within the jurisdiction of the United States District Court for the Northern District of California.

## INTRA-DISTRICT ASSIGNMENT

3. This action is appropriate for assignment to the San Jose Division of this Court as the violation alleged in this complaint was committed in Santa Clara County.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission (Commission or EEOC) is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by §§ 706(f)(1) and (3) of Title VII, §§ 2000e-(f)(1) and (3).

5. At all relevant times, Defendant The Good Fork f/k/a Fuzia Group, Inc. d/b/a Fuzia (Defendant) is a California corporation and has continuously done business in the State of California, employing at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce, within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

### Violation of Title VII of Civil Rights Act Based on Retaliation

7. More than thirty days prior to the institution of this lawsuit, Charging Party Venegas (Venegas) filed Charge No. 556-2011-00495C with the EEOC alleging violations of Title VII of the Civil Rights Act of 1964 by Defendant. The Commission has fulfilled all conditions precedent to the institution of this lawsuit, including investigation, determination of reasonable cause and conciliation.

8. Venegas was hired in September 2010 as a dishwasher at one of Defendant's restaurants (Fuzia) located in Morgan Hill, California. On or about December 17, 2011, she was accosted by two of Defendant's employees, a supervisor and a line cook, who attempted to sexually

Equal Employment Opportunity Commission
350 The Embarcadero, Suite 350
San Francisco, CA 94105

harass her and prevent her from leaving the restaurant basement. Venegas complained to the restaurant owner about the conduct on that same day, and on or about December 18, 2010, filed a police report, informing the restaurant owner. On or about February 3, 2011, when Venegas attempted to clock in at the restaurant for her assigned shift, she discovered that her entry code had been cancelled. She was informed by the abovementioned supervisor that the owner had no more work for her. The EEOC administrative investigation disclosed that Defendant's reasons for termination of Venegas were pretextual and that her termination on February 3, 2011, was in retaliation for engaging in protected activity by opposing practices she reasonably believed were unlawful.

9. The effect of the actions complained of in paragraph 8 above has been to deprive Venegas of equal employment opportunities and to otherwise adversely affect her status as an employee.

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice and/or reckless indifference to the federally protected rights of Venegas.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation discrimination against its employees.

B. Order Defendant to institute and carry out policies, practices, and programs which prohibit sexual harassment and retaliation, and which eradicate the effects of its unlawful employment practice.

C. Order Defendant to make whole Venegas by providing appropriate back pay with prejudgment interest benefits, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the reinstatement of Venegas, or front pay in amounts to be determined at trial.

D. Order Defendant to make whole Venegas by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in an amount to be determined at trial.

E. Order Defendant to make whole Venegas by providing compensation for past and future nonpecuniary losses resulting from the unlawful practice complained of above including, but not limited to, emotional pain and suffering, mental anguish, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Venegas punitive damages for the malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court may deem just and proper in the public interest.

H. Award the EEOC its costs of this action.

## DEMAND FOR JURY TRIAL

Pursuant to the provisions of Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial.

Dated: August 21, 2012

P. DAVID LOPEZ, General Counsel

JAMES L. LEE, Deputy General Counsel

GWENDOLYN Y. REAMS, Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of the General Counsel
Washington, DC 20507

By: /s/ William R. Tamayo
WILLIAM R. TAMAYO
Regional Attorney

By: /s/ Jonathan Peck
JONATHAN PECK
Supervisory Trial Attorney, San Francisco

By: /s/ Evangelina F. Hernandez
EVANGELINA F. HERNANDEZ
Senior Trial Attorney, San Francisco

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260