1  WILLIAM R. TAMAYO, SBN 084965 (CA)
   MARCIA L. MITCHELL, SBN 18122 (WA)
2  AMI SANGHVI, SBN 4407672 (NY)
   U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
3  San Francisco District Office
   350 The Embarcadero, Suite 500
4  San Francisco, CA 94105
   Telephone No. (415) 625-5640
5  Fax No. (415) 625-5657
   ami.sanghvi@eeoc.gov
6
   *Attorneys for Plaintiff EEOC*
7
                    **UNITED STATES DISTRICT COURT**
8
                    **NORTHERN DISTRICT OF CALIFORNIA**
9

10  **U.S. EQUAL EMPLOYMENT**
    **OPPORTUNITY COMMISSION,**                   **Case No.**
11                                                **5:12-CV-04386 PSG**
              **Plaintiff,**
12
              **vs.**                             **CONSENT DECREE**
13
14  **THE GOOD FORK f/k/a FUZIA GROUP,**
    **INC., d/b/a FUZIA,**
15
              **Defendant.**
16

17
          Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this action on August
18
    21, 2012 alleging that Defendant The Good Fork (f/k/a Fuzia Group Inc., d/b/a Fuzia) violated Title
19
    VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 ("Title
20
    VII"). Specifically, EEOC alleges that Defendant retaliated against Charging Party, Regina Venegas
21
    Lopez, by terminating her after she opposed Defendant's employment practices. Defendant denies
22
    all liability in this matter and further denies the allegations of discrimination made by the Charging
23
    Party and the EEOC.
24
          In the interest of resolving this matter, the parties stipulate and consent to the entry of this
25
    Consent Decree ("Decree") as final and binding between the parties. No waiver, modification, or
26
    amendment of any provision of this Decree shall be effective unless made in writing, approved by all
27
    parties, and approved or ordered by the Court.
28

In consideration of the mutual promises of each party to this Decree, the sufficiency of which is hereby acknowledged, it is agreed and IT IS ORDERED, ADJUDGED, AND DECREED that:

## **GENERAL PROVISIONS**

1.      The Court has jurisdiction over the subject matter and the parties to this action. Venue is proper and all administrative prerequisites have been met.  No party shall contest the validity of this Decree or the jurisdiction of the federal district court to enforce this Decree and its terms.

2.      This Decree is final and binding between the parties signatory hereto.

3.      This Decree resolves all claims relating to and arising out of EEOC Charge 556-2011-00495, the Determination dated February 7, 2012, and the Complaint filed by the EEOC.  This Decree does not affect EEOC's right to process any pending or future charges or civil actions filed against Defendant.

4.      The Decree will remain in effect until December 31, 2014.

5.      The Court shall retain jurisdiction to enforce this Decree and its terms for all purposes including, but not limited to, the entry of all orders, judgments, and decrees as necessary to implement the relief provided herein for the duration of the Decree.  A breach of any term of this Decree by Defendant shall be deemed a substantive breach of this Decree for which EEOC may bring an enforcement action.

6.      The term of the Decree can be extended only upon a showing that Defendant has substantially failed to comply with a material term of the Consent Decree after having been given notice of any such failure to comply and a reasonable opportunity to correct any such non-compliance.

7.      The parties shall bear their own costs and attorney fees in this action.

## **MONETARY RELIEF**

8.      In full and final resolution of this dispute, Defendant shall deliver, by certified mail within thirty (30) days, a check made payable to Regina Venegas Lopez in the amount of

1      $20,000.00, representing compensatory damages for emotional distress, pain and suffering.

2          9.      Defendant will simultaneously forward a copy of the check to EEOC.

3

4                         **INJUCTIVE RELIEF**

5      **Non-discrimination**

6          10.      Defendant, its managers, officers, agents, and employees are enjoined from: (a)

7 engaging in any employment practice that discriminates on the basis of sex in violation of Title VII;

8 and (b) engaging in retaliation of any kind against any employee because of such employee's (i)

9 opposition to discrimination based on sex or because of filing a charge; (ii) testifying or participating

10 in any manner in any investigation, proceeding or hearing relating to discrimination based on sex;

11 (iii) identification as a possible witness for the EEOC; or (iv) assertion of rights under this Decree.

12      **Policies and procedures**

13          11.      Defendant will maintain for each of its restaurants, written policies and procedures,

14 promulgated and endorsed by Maurizio Cutrignelli, prohibiting discrimination and harassment on the

15 basis of sex and prohibiting retaliation for complaining about, reporting, or otherwise opposing such

16 discrimination or harassment.  (Hereinafter referred to as "equal employment policies and complaint

17 procedures.")  The equal employment policies and complaint procedures should be easily understood

18 and should include at a minimum the following:

19          a.      Clear definitions of prohibited discrimination, harassment, and retaliation,

20 with examples where appropriate.

21          b.      A statement that discrimination, harassment, and retaliation is illegal,

22 prohibited, and will not be tolerated.

23          c.      A statement encouraging employees to report incidents of discrimination,

24 harassment, and/or retaliation.

25          d.      A procedure for lodging a complaint of discrimination, harassment, and

26 retaliation, including language that such complaint will be accepted and investigated irrespective of

27 whether they are made verbally or in writing.  The policy will also include a clear and strong

28 statement encouraging persons who believe they have faced discrimination to raise complaints with

1    Defendant's supervisors or managers.

2             e.    Designation and dissemination of contact information for at least one

3    employee at each restaurant, who will serve as an investigative officer, capable of receiving and

4    investigating reports of discrimination, harassment, and/or retaliation.

5             f.    A statement that reports of discrimination, harassment, and/or retaliation can

6    be made to any supervisory or managerial employee, not solely the investigative officer or the

7    employee's own supervisor or manager.

8             g.    A statement that reports of discrimination, harassment, and/or retaliation can

9    be made orally or in writing and can be made anonymously.

10            h.    A requirement that any supervisory, managerial, or human resources

11   employee who observes or otherwise obtains information regarding discrimination, harassment, or

12   retaliation report such information to an investigative officer or directly to Maurizio Cutrignelli.

13            i.    A requirement that when information from any source is received by

14   Defendant indicating that discrimination may have occurred, an investigation will be conducted

15   pursuant to an established timetable for the commencement and completion of an investigation.

16            j.    A requirement that discrimination investigations be conducted in a discrete

17   manner that does not embarrass or intimidate the alleged targeted individual of any other person

18   contacted during the investigation, including an assurance of maximum feasible confidentiality for

19   persons who believe that they have been subjected to unlawful discrimination.

20            k.    A requirement that written findings of the results of each investigation be

21   prepared.

22            l.    A requirement that appropriate remedial action be taken upon conclusion of

23   an investigation.

24            m.    A requirement that the results of each investigation, including any remedial or

25   disciplinary action proposed or taken, be formally communicated to the individual(s) reporting the

26   discrimination and to the target of the alleged discrimination.

27            n.    A requirement that all information related to a complaint and subsequent

28   investigation be retained in a designated file.

1    o.    A description of the consequences, up to and including termination, which

2    will be imposed upon violators of the policies proscribing discrimination, harassment, and

3    retaliation.

4    p.    An assurance of non-retaliation for persons and witnesses who report to

5    Defendant that they believe they have either witnessed or been subjected to unlawful discrimination.

6    12.    Defendant will maintain the most recent written copies of the equal employment

7    policies and complaint procedures in English and Spanish in the main office and an employee-

8    accessible area.

9    13.    Defendant must certify that all current employees have received written copies of the

10    most recent equal employment policies and complaint procedures in either English or Spanish,

11    depending on the employee's language preference within forty-five (45) days of the parties signing

12    the Decree.  Similarly, Defendant will provide all new employees, including part-time, hourly, and

13    temporary employees, with a copy of the policies and procedures in the employee's preferred

14    language within five (5) days of starting employment.

15    **Trainings**

16    14.    Defendant will provide two mandatory anti-discrimination trainings to all of its

17    employees, with an emphasis of sex harassment and retaliation throughout the duration of this

18    Decree.  Defendant will arrange for the first live, in-person trainings to occur within forty-five (45)

19    days after the parties sign the Decree.  Defendant will arrange for the second live, in-person trainings

20    to occur at least one year after the date of the first training and more than thirty (30) days before the

21    expiration of the Decree.

22    15.    Anti-discrimination trainings referenced in this Decree shall be presented by an

23    individual with experience in federal EEO laws and approved in advance by the EEOC.  Defendant

24    must provide EEOC in writing, within fifteen (15) days after the parties sign the Decree, the name

25    and copies of any training materials or course syllabus.  Within fifteen (15) days after Defendant's

26    submission, EEOC will review and will not unreasonably withhold approval.

27    16.    Within forty-five (45) days after the parties sign the Decree, Defendant must provide

28    two (2) hours of live, in-person anti-discrimination training for all of Defendant's managerial and

supervisory personnel, including Sara and Maurizio Cutrignelli, and any other employees designated to receive reports of discrimination, harassment, and/or retaliation.  The training will cover Defendant's equal employment policies and complaint procedures and the responsibilities of managers and supervisors regarding the processing and investigation of employee discrimination reports and the maintenance of a discrimination-free work environment.

17.     Within forty-five (45) days after the parties sign the Decree, Defendant will provide two (2) hours of live, in-person anti-discrimination training for all non-managerial and non-supervisory personnel at its restaurants to ensure that employees are aware of their protections and rights to a discrimination-free work environment.  The training will also cover how to make reports of discrimination internally to Defendant, externally to federal, state, and local officials, and that retaliation for making such reports or participation in an investigation of such reports is strictly prohibited.

a.     The live, in-person training for all non-managerial and non-supervisory personnel shall be provided in English along with a Spanish language interpreter to accommodate those employees who are monolingual Spanish speakers or have limited English proficiency.  Any written materials distributed during the training will also be made available in Spanish.

b.     Defendant will make good faith efforts to ensure all employees are present at the live, in-person training for all non-managerial and non-supervisory personnel.  Defendant will, however, record the live, in-person training and provide the recorded training within five (5) days to those limited employees who, due to scheduling conflicts, could not attend the live, in-person training.  Defendant will ensure that any audio recording of the trainer will clearly capture the trainer's voice, the interpreter's voice, and accordingly match any concurrent visual demonstrations, such as a powerpoint slide presentation.  Defendant will ensure the trainer's availability to answer any questions from employees who view the recorded training.

18.     Each employee attending a mandatory training shall sign a document acknowledging attendance at the training, the date of the training, and the employee's job title.

**Posting**

19.     Within thirty (30) days after the parties sign this Decree, Defendant will

1   conspicuously display and maintain, in each restaurant in locations readily accessible to and

2   commonly frequented by Defendant's employees, a copy of its equal employment opportunity

3   statement and the complaint procedures in both English and Spanish.

4          20.     Within thirty (30) days after the parties sign this Decree, pursuant to federal law,

5   Defendant will conspicuously display and maintain the latest version of EEOC poster, "EEO is the

6   Law" in each restaurant in locations readily accessible to and commonly frequently by Defendant's

7   employees in its restaurants.  Defendant shall procure and maintain "EEO is the Law" posters in

8   English and Spanish.

9          **Reporting**

10         21.     Within sixty (60) days after the parties sign this Decree, Defendant shall send EEOC

11   a description of how Defendant has complied with the provisions of equal employment policy

12   dissemination and posting.

13         22.     Within ten (10) days following the completion of any training required by the Decree,

14   Defendant will forward to EEOC copies of the employee acknowledgments referenced in paragraph

15   18 of this Decree as well as a full employee roster.

16         23.     Every four (4) months, beginning four months after the parties sign this Decree,

17   Defendant shall provide EEOC with a report listing all reports of discrimination, harassment, or

18   retaliation, either formal or informal, oral or written, including the identity of and contact

19   information for the parties involved, a detailed summary of the allegations, a summary of the steps

20   taken during the investigation, and the results of the investigation, including any disciplinary action

21   taken.

22         24.     Thirty (30) days prior to the expiration of this Decree, Defendant shall submit a

23   written certification to the EEOC verifying the company's compliance with the terms of the Decree.

24         25.     Defendant will send any documents, reports, forms, or other information required for

25   submission to EEOC by this Decree to: Ami Sanghvi, Senior Trial Attorney, EEOC, 350 The

26   Embarcadero, Suite 500, San Francisco, CA 94105 or via email to ami.sanghvi@eeoc.gov.

27         **Monitoring**

28         26.     Defendant shall make available for inspection and copying any records reasonably

1  related to compliance with this Decree.

2

3  Dated: July 15, 2013
       San Jose, CA

4

5  FOR PLAINTIFF EQUAL EMPLOYMENT          FOR DEFENDANT THE GOOD FORK (f/k/a
   OPPORTUNITY COMMISSION                  Fuzia Group, Inc., d/b/a Fuzia)

6

7

8  William Tamayo, Regional Attorney       Gregory C. Simonian
   Marcia Mitchell, Supervisory Trial Attorney   Casas Riley & Simonian, LLP
9  Ami Sanghvi, Senior Trial Attorney      One First Street, Suite 2
   Equal Employment Opportunity Commission  Los Altos, CA 94022
10 San Francisco District Office            Tel: (650) 948-7200
   350 The Embarcadero, Suite 500          Fax: (650) 948-7220
11 Tel. (415) 625-5640                     Email: gsimonian@legalteam.com
12 Fax: (415) 625-5657
   Email: ami.sanghvi@eeoc.gov

13

14                                         Maurizio Cutrignelli, Defendant Owner
                                           17340 Monterey Road
15                                         Morgan Hill, CA 95037
                                           Tel: (408) 968-1026
16

17 SO ORDERED, ADJUDGED, AND DECREED this 18th day of ____July,____ 2013.

18

19 United States Magistrate Judge Paul S. Grewal

20

21

22

23

24

25

26

27

28